IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN LADD SPOTTED BEAR,<br><br>Defendant. | Case No. 1:21-cr-00165<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by Jennifer Klemetsrud Puhl, United States Attorney for the District of North Dakota, and Jonathan J. O'Konek, Assistant United States Attorney, hereby submits the following sentencing memorandum. The defendant's sentencing hearing is currently scheduled for 11:00 a.m. on January 5, 2023.

## Sentencing Recommendation

At the time of the defendant's sentencing hearing, the United States requests that this Court order the defendant to:

1. Serve 108 months' imprisonment.
2. Serve a five-year period of supervised release;
3. Pay the $100 special assessment;
4. Order restitution as described in the PSR; and
5. Move to dismiss the Indictment

## Defendant's Conduct and the Need to Impose Punishment

The defendant engaged in sexual contact with B.S. when B.S. was under the age of 12 years. At the defendant's change of plea hearing, he both admitted to engaging in this criminal conduct and articulated on the record the factors in his life that led him participate in

this conduct. The defendant's actions have no doubt had a damaging effect on B.S. and this Court should punish the defendant for his actions.

Consequently, to afford punishment against the defendant, the United States posits that this Court should impose a sentence of considerable jail time. Specifically, the United States believes that a sentence of **108 months' imprisonment** is a considerable period of incarceration and a sentence that is sufficient but not greater than necessary to accomplish the goals articulated in 18 U.S.C. § 3553(a). Additionally, for the reasons articulated in further detail below, the United States respectfully requests that this Court **not** sentence the defendant to a sentence higher than 108 months' imprisonment.

## Defendant's Change of Plea Hearing and the Need to Impose Fairness

On July 27, 2022, the defendant appeared before this Court for a change of plea hearing, where the defendant pleaded guilty to a single count of Abusive Sexual Contact of a Child, in violation of 18 U.S.C. § 2244(a)(5) and 1153. After the defendant entered his guilty plea, the Court deferred acceptance of this plea. Therefore, at the defendant's sentencing hearing, the United States requests that the Court formally accept the defendant's plea of guilty.

Additionally, at the defendant's change of plea hearing, the United States annotated, for the record, that the undersigned counsel: 1) had recently assumed responsibility for prosecuting the defendant's case; 2) had reviewed the plea agreement in preparation for the defendant's change of plea hearing; and 3) believed the Presentence Investigation Report's (PSR) sentencing guideline calculations would be considerably higher than the calculations included within the plea agreement.

As a result, in the interests of both fairness and transparency, the United States

requested that this Court honor the terms of the parties' plea agreement and sentence the defendant to a term of **108 months' imprisonment**, which would be the low end of the sentencing guideline range should the defendant have had a **final offense level of 31** and be in **criminal history category I**, as described in the plea agreement. (Doc. No. 31, pgs. 5 and 6).

Additionally, the undersigned counsel articulated, based upon his experience with sexual abuse cases involving minor children, that the PSR would likely include two enhancements not contained within the plea agreement: 1) an additional **+5 enhancement** under USSG § 4B1.5(b), for engaging in pattern of activity involving prohibited sexual conduct against minors; and 2) an additional **+2 enhancement** under USSG § 2A3.1(b)(3), which would increase the defendant's **final offense level to 38**. As a result, with a final offense level of 38 and a criminal history category of I, the undersigned counsel believed that the defendant would have a sentencing guideline range of **235–293 months' imprisonment**. The United States requests that this Court hold this error against the United States, not the defendant.

### Presentence Investigation Report

The PSR places the defendant in **Final Offense Level 38** and **Criminal History Category III**, establishing a Sentencing Guideline Range of **292 to 365 months' imprisonment**. The United States has no objections to the PSR guideline calculations as they properly calculate the defendant's final offense level and criminal history category.

However, pertinent to the defendant's criminal history category, the PSR identifies three convictions that the defendant received between 2009 and 2011 for driving while his license was suspended or revoked. Since the defendant received either more than one year of

probation or more than 30 days of jail on each of these driving while license suspended/revoked convictions, they each counted for five criminal history points and resulted in the defendant being in criminal history category III.  See USSG § 4A1.2(c)(1) (explaining that convictions for "[d]riving without a license or with a revoked or suspended license" . . . "are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to the instant offense").  Since these types of convictions do not generally count for criminal history points and were ten years old at the time of the defendant's change of plea hearing,[1] the United States failed to properly identify them in the defendant's criminal history calculation.  The United States requests that this Court hold this error against the United States, not the defendant, and requests that this Court impose a downward variance to a final offense level of 31 and criminal history category I.

## Downward Variance Request

The United States requests that this Court sentence the defendant pursuant to the terms of the plea agreement and impose a sentence of **108 months' imprisonment**. Specifically, the United States requests that this Court impose a downward variance to a **final offense level of 31** and **criminal history category I**, which establishes a sentencing **guideline range of 108-135 months' imprisonment** and sentence the defendant to the low end of this guideline range, 108 months' imprisonment.

Although the facts of this case support each of the PSR contained enhancements and criminal history points, the United States asks this Court to grant a downward variance to

---

[1] However, these convictions were less than ten years old from 2018, the time period contained with the information, making them properly countable for criminal history points.

prevent unfair surprise to the defendant, to promote confidence in the plea negotiation process, and to promote fairness to the defendant. Additionally, the United States believes that a sentence of 108 months' imprisonment serves the purpose of punishing the defendant for his crime.

## Conclusion

The United States requests that this Court sentence the defendant based upon the terms of the plea agreement entered between the United States and the defendant and requests that this Court impose such a downward variance to prevent unfair surprise to the defendant, to promote confidence in the plea negotiation process, and to promote fairness to the defendant.

Dated: December 7, 2022

JENNIFER KLEMETSRUD PUHL
United States Attorney

By:    */s/ Jonathan J. O'Konek*
JONATHAN J. O'KONEK
Assistant United States Attorney
ND Bar ID 06821
P.O. Box 699
Bismarck, ND 58502-0699
(701) 530-2420
jonathan.okonek@usdoj.gov
Attorney for United States